FILED
United States Court of Appeals
Tenth Circuit

October 30, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

KEVIN TOMMIE HALL,

        Defendant - Appellant.

No. 15-3088
(D.C. Nos. 2:12-CV–02097-KHV and
2:06-CR-20162-KHV-1)
(D. Kansas)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **MATHESON**, **MURPHY,** and **PHILLIPS**, Circuit Judges.

---

Petitioner, Kevin Tommie Hall, was convicted of armed bank robbery,
using a firearm during and in relation to a crime of violence, and being a felon in
possession of a firearm. *United States v. Hall*, 625 F.3d 673, 675 (10th Cir.
2010). His convictions and 594-month sentence were affirmed on direct appeal.
*Id*. at 686. On February 16, 2012, Hall filed a motion to vacate, set aside, or
correct sentence pursuant to 28 U.S.C. § 2255. He raised multiple claims of
ineffective assistance of trial and appellate counsel. In an extremely thorough
order, the district court considered all of Hall's arguments but denied relief on all
claims, concluding Hall could not show deficient performance and/or prejudice.
*See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984); *Cooks v. Ward*, 165

F.3d 1283, 1292-93 (10th Cir. 1998) (holding a court may address *Strickland*'s performance and prejudice prongs "in any order, but need not address both if [movant] fails to make a sufficient showing of one").  Hall then filed a Rule 59(e) motion to alter or amend the district court's judgment, asserting the court misconstrued several of his claims.  The district court denied the motion.

Proceeding *pro se*, Hall is before this court seeking a certificate of appealability ("COA") so he can appeal the dismissal of his § 2255 motion.  To receive a COA, Hall must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  In evaluating whether Hall has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Hall need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.*

Having undertaken a review of Hall's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Hall is

not entitled to a COA. No reasonable jurist could disagree with the district court's ruling on Hall's § 2255 motion, particularly its conclusion that Hall has failed to meet his burden of showing he suffered any prejudice from counsels' alleged deficient performance. Thus, the court's resolution of Hall's motion is not reasonably subject to debate and the issues Hall seeks to raise on appeal are not adequate to deserve further proceedings.

This court **denies** Hall's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge